UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD D. JACKSON,

    Petitioner,                      Civil No. 05-71711-DT
                                            HONORABLE MARIANNE O. BATTANI
v.                                         UNITED STATES DISTRICT JUDGE

BRUCE L. CURTIS,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Lloyd D. Jackson, ("petitioner"), presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b). Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

**I. Background**

Petitioner was originally charged with first-degree criminal sexual conduct.

1

Petitioner pleaded *nolo contendere* to a reduced charge of third-degree criminal sexual conduct in the Ottawa County Circuit Court. On September 18, 2000, petitioner was sentenced to seven to fifteen years in prison.

Petitioner never filed a direct appeal from his conviction.[1] Petitioner, however, filed a post-conviction motion for relief from judgment with the Ottawa County Circuit Court on March 15, 2002.[2] The motion for relief from judgment was denied by the trial court. The Michigan Court of Appeals denied petitioner's application for leave to appeal. *People v. Jackson,* 240611 (Mich.Ct.App. August 5, 2002); *reconsideration denied,* September 5, 2002. Petitioner never filed an application for leave to appeal to the Michigan Supreme Court.[3]

On October 17, 2002, petitioner filed a state petition for writ of habeas corpus with the Saginaw County Circuit Court, in which he again challenged his state court conviction. The petition was denied on November 19, 2003.[4] Petitioner then filed a complaint for writ of habeas corpus with the Michigan Court of Appeals which was also denied. *Jackson v. Dept. of Corrections,* 252991

---

[1] *See* Affidavit of Sandra Schultz Mengel, Chief Clerk of the Michigan Court of Appeals, dated November 2, 2005 [This Court's Docket Entry # 12], which indicates that petitioner never appealed his conviction.

[2] *See* Docket Sheet from the 20th Judicial Circuit Court, Case # 00-023800-FC, p. 3, [Part of this Court's Docket Entry # 13].

[3] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated October 12, 2005 [This Court's Docket Entry # 14].

[4] *See* Docket Sheet for *Jackson v. Bock,* 02-046049-AH (Saginaw County Circuit Court)[This Court's Docket Entry # 11].

(Mich.Ct.App. May 27, 2004). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely. [5]

The instant petition for writ of habeas corpus was filed on April 22, 2005. [6]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his or her favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of

---

[5] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated October 12, 2005 [This Court's Docket Entry # 16].

[6] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 22, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner was sentenced on September 18, 2000. Petitioner never filed a direct appeal from his conviction. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). Because petitioner never appealed his conviction, the one year time period for filing his habeas petition would begin to run for petitioner after the expiration of the time limit that petitioner had under state law to file the direct appeal from his conviction. *See McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Under M.C.R.

7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal. The one year statute of limitations therefore commenced in his case on September 18, 2001, after the one year period for petitioner to file an application for leave to appeal with the Michigan Court of Appeals expired. Petitioner had until September 18, 2002 to file his petition for writ of habeas corpus with this Court unless the one year period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on March 15, 2002, which would toll the one year limitations period pursuant to 28 U.S.C. § 2244(d)(2). However, by the time that petitioner filed his state post-conviction motion, one hundred and seventy seven days had run on the one year statute of limitations.

Although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one year limitations period, the limitations period is not reset upon the conclusion of state collateral review. *Neal v. Bock,* 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001). The statute of limitations was tolled through the Michigan Court of Appeals' denial of petitioner's motion for reconsideration from the denial of his application for leave to appeal on September 5, 2002. Although petitioner never filed an application for leave to appeal to the Michigan Supreme Court, for purposes of § 2244(d)(2), the term "pending" includes the time for seeking discretionary review of a post-conviction

motion, whether or not the discretionary review is sought. *Swartz v. Meyers*, 204 F. 3d 417, 421 (3rd Cir. 2000). Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Thus, the time between when the Michigan Court of Appeals denied petitioner's motion for reconsideration on September 5, 2002 and the October 31, 2002 deadline for filing an application for leave to appeal with the Michigan Supreme Court should be tolled pursuant to § 2244(d)(2). *Swartz,* 204 F. 3d at 421. Petitioner's post-conviction motion would cease to be pending, for purposes of tolling the statute of limitations, no later than October 31, 2002, when petitioner failed to timely seek leave to appeal with the Michigan Supreme Court. *See Williams v. Cain*, 217 F. 3d 303, 309-10 (5th Cir. 2000). [7] Petitioner thus had one hundred and eighty eight days remaining from this date, which would have been no later than May 7, 2003, to timely file his petition for writ of habeas corpus, unless the limitations period was otherwise tolled. Because petitioner did not file his habeas petition until April 22, 2005, the instant petition is untimely.

---

[7] The Court is aware that the one year limitations period is normally tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion has expired, regardless of whether the petitioner actually files a petition for writ of certiorari. *See Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003). However, petitioner is not entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, fn. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

The mere fact that petitioner filed a state petition for writ of habeas corpus with the state courts would not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), because a state petition for writ of habeas corpus is not considered a form of post-conviction review in Michigan. M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter. The 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added).

By contrast, M.C.L.A. 600.4310(3); M.S.A. 27A.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This statutory prohibition is consistent with the rule that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-415; 303 N. W. 2d 218 (1981)(*quoting People v. Price,* 23 Mich. App. 663, 669; 179 N.W. 2d 177 (1970)).

Petitioner is not entitled to tolling of the limitations period pursuant to § 2244(d)(2) for the time that his state habeas petition was pending in the state courts, because petitioner's state habeas petition was not an application for state post-conviction relief recognized as such under Michigan's court rules and procedures governing post-conviction relief in Michigan. *See Adeline v. Stinson,* 206 F. 3d 249, 252 (2nd Cir. 2000). As one court has indicated: "[P]ermitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitations period would not seem to promote exhaustion in the manner contemplated by the AEDPA." *Kindler v. Horn,* 291 F. Supp. 2d 323, 338-39 (E.D. Pa. 2003). Because petitioner's state habeas petition does not qualify under Michigan law as a properly filed application for post-conviction relief, it would not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). *See Seaton v. Kentucky,* 92 Fed. Appx. 174, 175 (6th Cir. 2004).

Assuming, *arguendo,* that petitioner's state habeas petition tolled the limitations period, the tolling would have ended on July 22, 2004, when the fifty six day period for seeking an application for leave to appeal to the Michigan Supreme Court following the Michigan Court of Appeals' decision of May 27, 2004 expired. Under this calculation, petitioner would have only had until January 26, 2005 to timely file his habeas petition with this Court. Because his petition was not filed until April 22, 2005, the petition is untimely.

In his response to the motion for summary judgment, petitioner claims that

8

the limitations period should be tolled because he is actually innocent of the crime for which he pleaded *nolo contendere*.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Although petitioner does not specifically delineate his claims of actual innocence in his response to the motion for summary judgment, in his application for habeas relief, petitioner contends that he is not guilty of third-degree criminal

9

sexual conduct, because he was legally married to the victim in this case. Petitioner argues that a person in Michigan cannot be charged with sexually assaulting their own spouse. M.C.L.A. 750.520l; M.S.A. 28.788(12), enacted pursuant to P.A. 1988, No. 138, § 1, effective June 1, 1988, states: "[A] person may be charged and convicted under sections 520b to 520g even though the victim is his or her legal spouse." Because Michigan law has abolished the marital exemption for sexual assault convictions, petitioner's argument is without merit.

In his habeas application, petitioner also claims that while incarcerated in the Ottawa County Jail, he had a telephone conversation with the victim, in which she ackonweldged that no force, threats, or violence was used by petitioner and that the sexual act underlying petitioner's conviction took place several hours after an argument between petitioner and the victim, and not contemporaneous with it.

Petitioner is not entitled to have the limitations period tolled because other than his unsupported, self-serving statements, petitioner has offered no affidavits or other documentary evidence in support of this claim of actual innocence. *See Herbert v. Jones,* 351 F. Supp. 2d 674, 678-79 (E.D. Mich. 2005). Any actual innocence exception to AEDPA's statute of limitations is further inapplicable, in light of the fact that petitioner pleaded *nolo contendere* to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D.

10

Mich. 2005). [8]

In this case, petitioner has failed to establish his actual innocence to the crime charged, for purposes of tolling the one year limitations period, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Holloway v. Jones,* 166 F. Supp. 2d at 1191. Accordingly, summary dismissal of the petition is appropriate. *Id.*

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

---

[8] At least one other judge in this district has suggested that a plea of guilty forecloses a claim of actual innocence so as to excuse a procedural default, although the judge acknowledged that no appellate court case had explicitly adopted such a rule. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 699-700 & n. 6 (E.D. Mich. 1999).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002); *See also Moore v. Burt,* 2005 WL 2319015, * 4 (E.D. Mich. September 21, 2005). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani<br>
**HON. MARIANNE O. BATTANI**<br>
**UNITED STATES DISTRICT COURT**

DATED:    November 23, 2005